## RUSSELL v. TILGHMAN.

### (District Court, E. D. Virginia. July, 1921.)

Patents ⇐211(1)—Purchaser of article acquires privilege of using it in all parts of country.

> Where patentee of a mold for use in manufacture of burial vaults grants exclusive rights in specified parts of the United States, the purchaser of a mold from one of the assignees in one part of the country acquires the privilege of using it or selling it again in all parts of the United States, under Rev. St. § 4884 (Comp. St. § 9428).

In Equity. Bill by Charles F. Russell against W. M. E. Tilghman. Bill dismissed.

Titian W. Johnson, of Washington, D. C., for plaintiff.
James Elliott Heath, of Norfolk, Va., for defendant.

GRONER, District Judge. This is a suit for a patent infringement brought by Charles F. Russell, a citizen of the United States and a resident of the county of Accomac, in the state of Virginia, against W. M. E. Tilghman, a resident of Northampton county in the same state.

The suit depends upon the patent laws of the United States and the jurisdiction of this court is conceded.

E. D. Milhouse, of Indiana, on the 9th of May, 1916, was granted a patent for a mold for use in the manufacture of burial vaults. All right, title, and interest in the patent for the counties of Northampton and Accomac, in Virginia, was acquired by the plaintiff, Russell, prior to the institution of this suit. On the 11th of March, 1919, the defendant, Tilghman, purchased from William T. Hearn, of Maryland, one of the molds covered by the patent, brought the same into Northampton county, Va., and has since used it in the manufacture of burial vaults in that county. Plaintiff claims that this use of the patented article by the defendant within the territory exclusively acquired by him is a violation of his rights under the patent laws and should be restrained by injunction.

The purchase of the mold by the defendant from Hearn is admitted to have been a valid transaction, Hearn being the assignee of the patentee in the territory in which the sale took place, but it is insisted on behalf of the plaintiff that, although in the purchase of the mold the

defendant acquired possession of and title to the same legally, he has no right to bring the same into the plaintiff's exclusive territory and use it there for the purposes for which it is designed.

The single question therefore presented for decision is whether the use by the defendant of the patented mold in the county of Northampton in the making of burial vaults in any way infringes upon the rights of the plaintiff as the owner by assignment of the patent covering same. I think not.

By section 4884 of the Revised Statutes (Comp. St. § 9428) the patentee of an article·obtains a grant to make, use, and vend the discovery throughout the United States, and he has the right by law to assign his rights in the patent to the whole or any specified part of the United States. He may make and sell the patented article himself or he may divide the country .into specified parts, and his assignee, as to the specified part granted, acquired thereby the exclusive rights of the patentee therein. If the patentee manufactures the patented article himself and sells it, the article so sold passes outside the monopoly granted by the act of Congress and is no longer protected by the patent laws. The same condition, precisely, obtains under similar circumstances where he has divided the territory of the United States and granted exclusive rights in specified parts. Keeler v. Bed Co., 157 U. S. 659–661, 15 Sup. Ct. 738, 39 L. Ed. 848. And the purchaser of the patented article, having acquired it in either case legally, acquires also with the purchase the privilege of using it or selling it again in all parts of the United States. In Adams v. Burke, 17 Wall. 453–456 (21 L. Ed. 700), Mr. Justice Miller, delivering the opinion of the court, said:

"But, in the essential nature of things, when the patentee, or the person having his rights, sells a machine or instrument whose sole value is in its use, he receives the consideration for its use, and he parts with the right to restrict that use. The article, in the language of the court, passes without the limit of the monopoly; that is to say, the patentee or his assignee having in the act of sale received all the royalty or consideration of which he claims for the use of his invention in that particular machine or instrument, it is open to use of the purchaser without further restriction on account of the monopoly of the patentees."

This case was followed by Keeler v. Standard Bed Co., 157 U. S. 659–666, 15 Sup. Ct. 738, 741 (39 L. Ed. 848), in which the Supreme Court, speaking through Mr. Justice Shiras, after quoting all the previous decisions, said:

"Upon the doctrine of these cases we think it follows that one who buys patented articles of manufacture from one authorized to sell them becomes possessed of an absolute property in such articles, unrestricted in time or place."

And in Bauer v. O'Donnell, 229 U. S. 1, 33 Sup. Ct. 616, 57 L. Ed. 1041, 50 L. R. A. (N. S.) 1185, Ann. Cas. 1915A, 150, the Supreme Court, again reviewing the cases, announced the doctrine of the Adams and Keeler Cases as established law.

The argument that in the enforcement of this doctrine the inventor in a case like this may lose the exclusive benefit conferred upon him .under the patent laws is answered by the fact that he may protect him-

self and his assignee by special contract limiting the use of the patented article to those to whom he sells or grants territorial rights. In this way he may, with certain limitations, retain his monopoly. But nothing of this sort was attempted here. On the contrary, those who succeeded to his rights under the patent have sold the article and received satisfactory compensation therefor, and cannot now complain that the right to its use has passed beyond the protection of the law, or that the purchaser thereof obtained by the unrestricted purchase and sale an absolute property in the article and an unrestricted right in time or place of its use.

The injunction should therefore be, and is, denied, and the bill of complaint dismissed.